56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Wendell JAMES, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, Respondent-Appellee.
 No. 94-16517.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 19, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wendell James, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition. Following a jury trial, James was convicted of first degree murder with use of a firearm and sentenced to a term of twenty-five years to life imprisonment with a two-year consecutive term for the firearm allegation. James contends that the trial court violated his right to confrontation by limiting the scope of his cross-examination of Inspector Frank Falzon. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir. 1994), and affirm.
 
 
 3
 "The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him." Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986). "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Wood v. Alaska, 957 F.2d 1544, 1549 (9th Cir. 1992) (citing Van Arsdall 475 U.S. at 679).
 
 
 4
 In order to determine whether a Sixth Amendment violation occurred, it is necessary to make a two-part inquiry. Id. at 1549-50. First, we must inquire whether the excluded evidence is relevant. Id. at 1550. If the evidence is relevant, we ask next whether other legitimate interests outweigh his interest in presenting the evidence. Id. We will hold there is a Sixth Amendment violation only where the trial court abused its discretion. Id. "A trial court does not abuse its discretion so long as the jury has sufficient information upon which to assess the credibility of witnesses." Id.; Evans v. Lewis, 855 F.2d 631, 633-34 (9th Cir. 1988) (explaining that evaluation of witness' general credibility enjoys less protection than right to develop witness' bias).
 
 
 5
 Here, James attempted to impeach Falzon with alleged prior inconsistent statements from Falzon's affidavit in support of the search warrant and Falzon's declaration in support of the arrest warrant. The majority of these statements were hearsay because Falzon relied on statements by a coroner, a criminalist, another inspector, and two witnesses rather than his own observations.
 
 
 6
 The proposed line of questioning was marginally relevant in connection with Falzon's credibility. See Wood, 957 F.2d at 1550. Falzon's prior statements were not necessarily false because he merely relied on information he received from other sources. Given the limited probative value of this evidence, the trial court acted within its discretion because the court was concerned with confusion of the issues; the trial court indicated that James was attempting to relitigate the probable cause determination before the jury. See id. In addition, the trial court allowed James to cross-examine Falzon on his own observations. See Van Arsdall, 475 U.S. at 679 (explaining that Confrontation Clause only guarantees opportunity for effective cross-examination). Finally, the jury had sufficient information upon which to assess Falzon's credibility because the court allowed the defense to attack Falzon's theory that Herron was shot in a car. See Wood, 957 F.2d at 1549-50; Evans, 855 F.2d at 633-34. Accordingly, the trial court imposed reasonable limits on cross-examination, which did not violate the Confrontation Clause of the Sixth Amendment. See Van Arsdall, 475 U.S. at 679; Wood, 957 F.2d at 1549.
 
 
 7
 James raises several new issues for the first time on appeal. We need not address these claims, since James failed to raise them in the district court. See Morgan v. Bunnell, 24 F.3d 49, 52 (9th Cir. 1994) (per curiam).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3